IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DI'ONNA FALLEN, *

    Plaintiff, *

v. * Case No.: PWG-16-1578

UNITED STATES OF AMERICA, *

    Defendant. *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Di'Onna Fallen seeks refunds that she claimed on her 2005 and 2010 federal tax returns. Compl., ECF No. 1. The United States disputes her entitlement to either of the requested refunds and has filed a Motion for Summary Judgment. ECF No. 19. The Motion is fully briefed, Def.'s Mem., ECF No. 19-1; Pl.'s Opp'n ECF No. 21; Def.'s Reply, ECF No. 22, and no hearing is necessary, Loc. R. 105.6 (D. Md.). Because the statute of limitations has expired for the 2005 claim and because Fallen has failed to provide any evidence supporting her right to the tax credit that was the basis for her 2010 claim, I will grant the United States' Motion.

## Standard of Review

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see also Baldwin v.*

*City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

### Discussion

In April 2013, Plaintiff Di'Onna Fallen filed tax returns with the Internal Revenue Service ("IRS") for tax years 2005 through 2012, inclusive. Pl.'s Resp. to Def.'s Interrog. No. 4, Defs.' Mot. Ex. A, at 2, ECF No. 19-4.[1] She claimed a $4,129.00 refund on her 2005 return and a $2,267.12 refund on her 2010 return. 2005 Form 1040EZ, Def.'s Mot. Ex. A., at 5; *see also* 2010 Form 1040, Def.'s Mot. Ex. A, at 12 (claiming $2,094 refund); 2010 Notice CP21B, Def.'s Mot. Ex. A., at 9 (calculating refund due as $2,267.12 based on information Fallen provided on her 2010 Form 1040A). The IRS denied the requested refunds for both years. *See* Letter from Internal Revenue Serv., to Di'Onna Fallen (July 30, 2013), Def.'s Mot. Ex. A, at 7.[2] After struggling to appeal those denials, Fallen filed suit in this Court.

The United States argues that Fallen's 2005 refund claim is time-barred. Def.'s Mem. 3. A taxpayer must file a refund claim with the IRS "within 3 years from the time the return"

---

[1] Fallen indicates that she also filed a 2013 tax return in April 2013, *id.*, but that seems unlikely, as the 2013 tax year had just begun at that time. In any event, that disputed fact is immaterial to Fallen's claim.

[2] The documents filed with the Complaint and the Defendant's Motion only contain a letter from the I.R.S. explicitly denying Fallen's 2005 refund claim, but the United States does not dispute that it has denied Fallen's 2010 claim.

associated with the refund claim is filed or within "2 years from the time the tax" from which the refund is sought was paid, whichever date is later. 26 U.S.C. § 6511(a). For claims within the three-year limitations period, the taxpayer's recovery is limited to money paid on the tax in question in the three years prior to the claim. *Id.* § 6511(b)(2)(a).

The only taxes that Fallen paid in 2005 were taxes withheld from her paycheck. 2005 Certificate of Assessments, Payments, and Other Matters, Def.'s Mot. Ex. B, ECF No. 19-5. Withheld taxes are deemed to have been paid on April 15 of the year following the tax year in which they are withheld. *See* 26 U.S.C. § 6513(b)(1). Thus, Fallen's 2005 taxes were paid on April 15, 2006. Fallen filed her 2005 refund claim when she filed that year's return in April 2013. Accordingly, because she paid her 2005 taxes more than three years before she filed her refund claim, she is not able to recover a refund for that tax year. *See* 26 U.S.C. § 6511(b)(2)(A). Fallen believes that the statute of limitations for refund claims is unfair because a longer limitations period applies to the federal government's efforts to recover unpaid taxes from taxpayers. Pl.'s Opp'n 2. Fair or unfair, that is law and must be applied.

The United States concedes that Fallen made a timely claim for a 2010 refund; however, it argues that she has failed to demonstrate her entitlement to a refund for that year. Def.'s Mem. 4–5. As "tax credits and deductions are a matter of legislative grace, taxpayers bear the burden of proving entitlement to the credits they claim on their returns." *Norfolk S. Crop. v. C.I.R.*, 140 F.3d 240, 244 (4th Cir. 1998) (citing *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992). On her 2010 return, Fallen claimed that she was entitled to a $2,438[3] credit under the American Opportunity Tax Credit (AOTC), *see* 2010 Form 1040, ll. 49, 66, Def.'s Mot. Ex. A, at 12, which provides tax relief associated with higher-education costs, *American Opportunity Tax Credit*,

---

[3] The United States miscalculates the total amount associated with the AOTC as $2,483, Def.'s Mem. 2, 4, but the miscalculation makes no difference to the analysis.

Internal Revenue Serv., https://www.irs.gov/individuals/aotc (Jan. 29, 2017).  To be eligible for the AOTC, a taxpayer must (1) not have claimed the credit in more than the three previous years; (2) have been enrolled in a degree-granting program during the tax year; (3) have been at least a half-time student during the tax year; (4) have completed less than four years of higher education; and (5) not have a felony drug conviction. 26 U.S.C. § 25A(b)(2), (i)(3).

Fallen has not produced any evidence that she meets any of the five requirements that she must have met in order to have been entitled to the AOTC in 2010.  Thus, Fallen is not entitled to a refund for tax year 2010.

## **ORDER**

Accordingly, for the reasons stated, it is this 22nd day of May, 2017, hereby ORDERED that:

1. Defendant's Motions for Summary Judgment, ECF No. 19, IS GRANTED;

2. Judgment IS ENTERED in favor of the Defendant;

3. The Clerk SHALL CLOSE the case.


       /S/
Paul W. Grimm
United States District Judge